# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2021

Lyle W. Cayce
Clerk

No. 20-60658
Summary Calendar

JOSE ALBERTO HERCULES, *also known as* JOSE HERCULES
GUILLEN,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 068 455

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Jose Alberto Hercules, a native and citizen of El Salvador, petitions
for review of the Board of Immigration Appeals' (BIA) dismissing his appeal
of an immigration judge's (IJ) denial of withholding of removal and relief

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60658

under the Convention Against Torture (CAT). Although Hercules also sought voluntary departure, he does not challenge its denial, and any such claim is deemed abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), questions of law are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Whether an applicant is eligible for withholding of removal or relief under CAT is a factual finding which, as noted above, is reviewed for substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted). Under that standard, the BIA's factual findings are conclusive unless the record compels a contrary finding. *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009).

First, Hercules contends the BIA erred in determining he failed to allege a cognizable particular social group (PSG) for purposes of his withholding-of-removal claim. "To be eligible for withholding of removal, an applicant must demonstrate a clear probability of persecution upon return" on account of a statutorily protected ground, such as his membership in a PSG. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotation marks and citation omitted). The BIA correctly concluded Hercules' originally proposed PSG, "Salvadoran men who fear violence and delinquency in their home country", was not a cognizable PSG because it was circularly defined by the feared persecution. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019).

Although Hercules attempted to allege a new PSG before the BIA, "Salvadoran males", the BIA declined to consider that PSG because it was not presented to the IJ. Such a ruling does not constitute reversible error. *See Cantarero Lagos v. Barr*, 924 F.3d 145, 151 (5th Cir. 2019).

No. 20-60658

In addition, Hercules maintains his hearing testimony presented an additional PSG: individuals deported from the United States, who would be perceived by gang members and other criminals to have money. The IJ found that, to the extent he alleged such a group, it was not cognizable. Hercules never asserted to the BIA that he had presented such a group or that it constituted a valid PSG; his failure to exhaust this contention renders our court unable to review the claim. *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009); *Roy*, 389 F.3d at 137.

Hercules maintains the IJ failed to clarify the PSG. If an alien has not precisely delineated his proposed PSG, the IJ has an obligation to seek clarification to ensure full development of the record. *Cantarero-Lagos*, 924 F.3d at 151–52 (citing *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018)). Hercules alleged a precise, albeit unsuccessful, PSG before the IJ. The IJ, therefore, had no duty to seek clarification. (Because Hercules failed to allege a cognizable PSG, analysis of his claims regarding past and future persecution is unnecessary. *See INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976).)

Finally, Hercules contends he was entitled to relief under the CAT. As the BIA recognized, he did not challenge the IJ's adverse ruling on this ground in his appeal to the BIA. We therefore lack jurisdiction to consider the claim. *See Omari*, 562 F.3d at 318; *Roy*, 389 F.3d at 137.

DISMISSED in part; DENIED in part.